IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCKY ALLEN WILSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2418-K |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rocky Allen Wilson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 1994, petitioner pled guilty to sexual assault of a child and was sentenced to 10 years probation, including 180 days in jail, and a $1,500 fine. When petitioner violated the conditions of his release in 1998, the trial court revoked his probation and sentenced him to six years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief in 2005. The application was dismissed because petitioner had fully discharged his sentence. *Ex parte Wilson*, No. 47,643-06 (Tex. Crim. App. Oct. 19, 2005). Petitioner then filed this action in federal court.

II.

In his sole ground for relief, petitioner challenges his guilty plea and resulting conviction on the ground that the visiting judge who presided over his trial never filed an oath of office. However, the threshold issue before the court is whether petitioner, who has fully discharged his sentence, is "in custody" under his 1994 conviction.

III.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989) (citing cases). Petitioner acknowledges that he discharged his six-year sentence for sexual assault of a child in May 2004. (*See* Pet. Mem. Br. at 2).

In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaValle*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254). Consequently, this court lacks subject matter jurisdiction over this

action.¹ *See Nelson v. Dretke*, No. 3-03-CV-1749-K, 2003 WL 23095981 at *1 (N.D. Tex. Dec. 23, 2003).

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 13, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is currently serving a 20-year prison sentence on a 1998 conviction for sexual assault of a child out of Collin County, Texas. However, his custodial status with respect to that conviction has no bearing on the disposition of a federal writ challenging his 1994 conviction for sexual assault of a child out of Dallas County, Texas.